

Federal Communications Commission
445 12th St. SW ■ Washington, DC 20554
Tel.: (202) 418-1740 ■ FAX: (202) 418-2819

August 25, 2023

Molly C. Dwyer, Clerk
United States Court of Appeals
 for the Ninth Circuit
Office of the Clerk
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re:  *China Unicom (Americas) Operations Limited v. Federal Communications Commission, et al.*, No. 22-70029

Dear Ms. Dwyer:

     We write pursuant to F.R.A.P. 28(j) to inform the Court of a recent decision in a related case, *Pacific Networks Corp. v. FCC*, D.C. Cir. No. 22-1054 (decided August 15, 2023). There, the D.C. Circuit upheld in full the FCC's revocation of Pacific Networks's authority under 47 U.S.C. § 214 to provide telecommunications.

     Like China Unicom, Pacific Networks and its subsidiary ComNet (USA) LLC are U.S.-based telecommunications providers ultimately owned and controlled by the Chinese government. The FCC found this raised significant national security risks, providing opportunities for the companies and ultimately the Chinese government to access and compromise U.S. communications and ultimately "to engage in espionage and other harmful activities against the United States." Slip op. at 4–5.

     As in *China Telecom (Americas) Corporation v. FCC*, 57 F.4th 256 (D.C. Cir. 2022), described in our 28(j) letter of January 13, 2023, the *Pacific Networks* court dismissed many arguments also raised in this case. The court found the FCC's decision was reasonable and supported by substantial evidence, stating,

"We cannot second-guess the FCC's judgment that allowing China to access [sensitive customer] information poses a threat to national security." Slip op. at 6. The court likewise upheld the FCC's determination that the companies' "misleading and incomplete responses" in the administrative proceeding showed a lack of candor and trustworthiness. *Id.* 8. And the court found that the procedures used in the revocation proceeding—which closely mirrored those at issue here—were sufficient under the Due Process Clause and the APA. *Id.* 9–10.

The court noted that "the [section 214] licensing decision is vested in the FCC," and that the agency must consider both "the national defense," and "the public convenience and necessity"—factors that "plainly encompass the question whether authorizations would facilitate espionage." *Id.* (citing 47 U.S.C. §§ 151 & 214(a)). Thus, although the companies did not directly challenge the FCC's authority to revoke licenses once granted, the D.C. Circuit's decision makes clear the court viewed revocation as within the agency's authority to administer section 214 to protect the public interest and national defense.

Respectfully submitted,

P. Michele Ellison
General Counsel

Jacob M. Lewis
Deputy General Counsel

/s/ Matthew J. Dunne
Matthew J. Dunne
Counsel

Federal Communications Commission
45 L Street, NE
Washington, DC 20554
(202) 418-1740

cc: counsel of record via CM/ECF

Attachment