

Federal Communications Commission
445 12th St. SW ▪ Washington, DC 20554
Tel.: (202) 418-1740 ▪ FAX: (202) 418-2819

December 11, 2024

Molly C. Dwyer, Clerk
United States Court of Appeals
 for the Ninth Circuit
Office of the Clerk
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re:  *China Unicom (Americas) Operations Limited v. Federal Communications Commission, et al.*, No. 22-70029

Dear Ms. Dwyer:

      We write pursuant to F.R.A.P. 28(j) to inform the Court of the recent decision, *TikTok Inc., et al. v Garland*, D.C. Cir. No. 24-1113 (decided December 6, 2024). There, the D.C. Circuit upheld against constitutional challenge a law prohibiting the distribution or maintenance of TikTok, a social media platform operated by a company subject to control by the People's Republic of China (PRC). *Slip op.* at 7.

      Like this case (Resp. Br. 27–33), *TikTok* turned in part on the government's finding that the PRC's control of the platform posed a significant national security threat, *slip op.* at 33. In its review, the court credited evidence that the "PRC is the most active and persistent cyber espionage threat to U.S. government, private-sector, and critical infrastructure networks," and has "pre-positioned itself for potential cyber-attacks against U.S. critical infrastructure by building out offensive weapons within that infrastructure." *Id.* at 34 (quotation marks omitted). "Through its control over Chinese parent companies, the PRC can...access information from and about U.S. subsidiaries and compel their cooperation with PRC directives," and thus can "conduct espionage, technology transfer, data collection, and other

disruptive activities under the disguise of an otherwise legitimate commercial activity." *Id.* at 35 (quotation marks omitted).

The court also relied on its recent decisions upholding FCC revocations of section 214 licenses—reviewing the same administrative action at issue here—reiterating that the "Government 'need not wait for a risk to materialize' before acting; its national security decisions often must be 'based on informed judgment.'" *Id.* at 41 (citing *China Telecom (Ams.) Corp. v FCC*, 57 F.4th 256, 266 (D.C. Cir. 2022)); *see also id.* 40–41 (discussing *Pacific Networks Corp. v. FCC*, 77 F.4th 1160 (D.C. Cir. 2023)). And the court more generally accorded "significant weight" to "the Government's judgment based upon [the] evidence," "'[g]iven the sensitive interests in national security and foreign affairs at stake.'" *Id.* at 32 (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 36 (2010)).

Respectfully submitted,

/s/ Matthew J. Dunne
Matthew J. Dunne
Counsel

Federal Communications Commission
45 L Street, NE
Washington, DC 20554
(202) 418-1740

cc: counsel of record via CM/ECF

Attachment